IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOLOMON N. POWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 13-1841-GMS |
| ) | |
| CHASE CARD SERVICES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

The plaintiff, Solomon N. Powell ("Powell"), an inmate at the Yazoo City Medium Federal Correctional Institution, Yazoo City, Mississippi, filed this civil action entitled Motion for Requests of Documentation and/or Information pursuant to the Freedom of Information Act ("FOIA"). (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court now proceeds to screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

Powell asks the court to order the defendant Chase Card Services ("Chase") to provide him with "all and any documentation to show that [he] owes money to [Chase]. Powell claims he is entitled to the information because it is related to his criminal case filed in the Eastern District of Virginia, *United States v. Powell*, Crim. No. 07-324-JRS, and that the court has "not responded to [his] request[]." *Id.* Powell avers the "lack of information from [Chase] may show false evidence produced by the Government in the related criminal case." *Id.*

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Powell proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R.

2

Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Powell leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Powell has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege Powell's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct,

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Powell seeks to obtain records from Chase pursuant to FOIA, 5 U.S.C. 552, *et seq.*[2] (D.I. 2.) Initially, the court notes that Powell made a discovery request in his criminal case seeking records from Chase that was denied by the court on February 1, 2012. *See Powell*, Crim. No. 07-324-JRS at D.I. 77, 81. In filing this lawsuit, Powell, in essence, asks this court to overturn that ruling. However, as a matter of comity, a different court or judge should not lightly overturn decisions of his predecessors in a given case. *See Fagan v. City of Vineland*, 22 F.3d 1283, 1290 (3d Cir. 1994).

In addition, FOIA is not the proper avenue for Powell to obtain the information he seeks. Upon request, FOIA mandates disclosure of records held by the federal agency unless the documents fall within certain enumerated exemptions. *Department of Interior v. Klamath Water Users Protective Assoc.*, 532 U.S. 1, 8 (2001). Here, Powell seeks an order under FOIA compelling Chase to provide him with documentation related to his underlying criminal case. In doing so, he fails to state a claim because FOIA only applies to federal agencies, *see Forsham v.*

---

[2] Pursuant to 5 U.S.C. § 552(a)(4)(B), the district court has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly held from the complainant." 5 U.S.C.A. § 552(a)(4)(B). "'Agency' as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency.")

*Harris*, 445 U.S. 169, 186 (1980), and Chase is not a federal agency as defined by the FOIA. *See* 5 U.S.C. § 552(f)(1).

Finally, the court takes judicial notice of *Powell*, Crim No. 07-324-JRS, at D.I. 77, 103 ("requests by Powell for documents and/or information) wherein Powell includes Chase as one of the financial institutions allegedly "victimized" in relation to his criminal case, and requests "documentation" under the FOIA to contradict allegedly "false evidence produced by the Government during the criminal case." Because the FOIA request Powell has filed in this matter contains claims which are merely repetitive and/or duplicative of claims he has previously filed in another jurisdiction seeking the same relief, the complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). *See Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981) (a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims); *see also Van Meter v. Morgan*, 518 F.2d 366 (8th Cir. 1975); *Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972).

## IV. CONCLUSION

For the above reasons, the complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Amendment is futile.

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

March 17, 2014
Wilmington, Delaware